Exhibit D

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER 7 PROCEEDING |
| DOUGLAS C. ZALESKY | ) |
| | ) |
| DEBTOR. | ) |
| | ) |
| WILLIAM T. NEARY | ) CASE NO. 10 B 33968 |
| UNITED STATES TRUSTEE, | ) |
| | ) |
| PLAINTIFF. | ) |
| | ) ADVERSARY NO. 10 A 01629 |
| v. | ) |
| | ) |
| DOUGLAS C. ZALESKY | ) |
| | ) |
| DEFENDANT. | ) JUDGE BRUCE W. BLACK |

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW**

On October 1, 2010, the Verified Complaint of the United States Trustee came before this Court for hearing upon proper notice. This Court, having reviewed and considered the Verified Complaint and the Exhibits thereto and being otherwise fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

**FINDINGS OF FACT**

1. Debtor/Defendant, Douglas C. Zalesky (the "Defendant" and/or "Debtor"), filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on July 30, 2010.

2. On August 10, 2010, the U.S. Trustee filed a Verified Complaint Objecting to Debtor's Discharge ("the Complaint").

Exhibit D

3. Also on August 10, 2010, the United States Trustee served the Complaint and Summons upon the Debtor/Defendant by first class mail at the address listed by him on the docket of his bankruptcy case.

4. Pursuant to Fed. R. Bankr. P. 7012(a), the Debtor/Defendant had 30 days from the issuance of the Summons to answer or otherwise plead to the Complaint. That deadline was September 9, 2010. In addition, the Summons provided that a status hearing on the Complaint would be held on September 17, 2010 at 9:15 a.m. That hearing was later continued to October 1, 2010 at 9:30 a.m., at which time Debtor/Defendant did not appear.

5. On September 22, 2005, less than eight years before the filing of this case, Debtor filed a Chapter 7 case in this Court, Case No. 05 B 39350.

6. On December 30, 2005, the Defendant received a discharge in Case No. 05 B 39350.

7. At the status held on this case on September 17, 2010, Debtor/Defendant did not appear.

8. The Debtor/Defendant has not answered or otherwise timely pled to the Plaintiff's Verified Complaint and no attorney has entered an appearance on his behalf in this adversary proceeding.

9. Fact findings set forth in the conclusions of law will stand as additional findings of fact.

## CONCLUSIONS OF LAW

10. This is a core proceeding concerning the administration of this estate pursuant to 28 U.S.C. §157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(a) and LR40.3.1(a) of the United States District Court for the Northern District of Illinois.

Exhibit D

Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

11. 11 U.S.C. §727(a)(8), as in effect at the time this case was filed, states that "[t]he court shall grant the debtor a discharge *unless*– the debtor has been granted a discharge under this section...in a case commenced within 8 years before the date of the filing of the petition." 11 U.S.C. §727(a)(8) (emphasis added).

12. Because the Defendant received a discharge in a case commenced within 8 years before the date of the filing of the Petition herein, Defendant is ineligible to receive a discharge in this case, and his discharge, therefore, will be denied.

13. Conclusions of law set forth in the findings of fact of law will stand as additional conclusions of law.

01 OCT 2010    ENTER:

DATED:_____    _____
Bruce W. Black
United States Bankruptcy Judge